FILED
2026 Jun-15 PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE LINCOLN STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GALVIN PRIDGEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE** |
| | ) | **NUMBER: __________** |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

Comes now the Plaintiff, Galvin Pridgen, and hereby files his Complaint against The Lincoln National Life Insurance Company.

## PARTIES

1. The Plaintiff, Galvin Pridgen ("Mr. Pridgen"), is an insured under Group Disability Plan for employees of Prolec-GE Waukesha, Inc. ("the Plan"), who has been improperly denied disability benefits under the Plan.

2. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is the Administrator of the Plan. Upon information and belief, Lincoln is a foreign corporation incorporated in the State of Pennsylvania, which conducts business generally in the State of Alabama and specifically within this District.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff asserts claims for long term disability ("LTD") benefits, enforcement of ERISA rights and statutory violations of ERISA under 29 U.S.C. § 1132, specifically, Mr. Pridgen brings this action to recover benefits due to him pursuant to 29 U.S.C. §1132(a)(1)(B) and to enforce his rights under the Plan pursuant to 29 U.S.C. §1132(a)(3). This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §§ 1132(a), (e)(1) and (f) and 28 U.S.C. § 1131. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## INTRODUCTION

4. The Plaintiff in this case was subjected to improper claim handling procedures by Lincoln as it exploited the shortcomings of ERISA as it relates to claims for "welfare" benefits to avoid paying Mr. Pridgen's valid claim for disability benefits. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Mr. Pridgen, as an employee insured for disability, was supposed to be treated as a beneficiary by Lincoln in its role as a statutory fiduciary. Instead, Lincoln has breached those duties and victimized Mr.

Pridgen by engaging in improper claim handling procedures. As described in more detail below, Lincoln has clearly engaged in bad faith claim handling and Mr. Pridgen, at minimum, is entitled to *de novo* review and all relief that ERISA provides.

## STATEMENT OF FACTS

5. Mr. Pridgen is an insured for benefits under the Plan. Lincoln is the administrator of the Plan. The Plan provides insureds, like Mr. Pridgen, disability benefits and was in full force and effect at all times relevant to this Complaint.

6. At all relevant times, Mr. Pridgen was employed by Prolec-GE Waukesha, Inc. and was a covered participant in the Plan, as defined in 29 U.S.C. § 1002(7) and under the terms and conditions of the Plan.

7. Mr. Pridgen, worked at Prolec-GE Waukesha, Inc. until his disabilities forced him to stop working on or about November 29, 2022.

8. Mr. Pridgen was employed by Prolec-GE Waukesha, Inc. as a Transformer Winder, whose job duties included attending to winders on medium and large power disc windings, multiple disc windings, screw, and RV windings; Required knowledge of equipment including winding machine and overhead crane – brazing equipment, derailer, and upender - hand drill and disc sander - lead clamping and bending equipment - bar clamping equipment - table and bandsaw - hydraulic bender and torch set - CTC burning equipment - grinder, buffer, and

miscellaneous hand tools.

9. Mr. Pridgen's medical disabilities include Chronic Rhinitis / Allergic Rhinitis. The symptoms of his impairments and the side effects of his medications and treatments render him unable to perform any job.

10. Mr. Pridgen applied for disability benefits through Lincoln on November 30, 2022.

11. By letter dated February 11, 2023, Lincoln wrongfully denied Mr. Pridgen's claim for benefits due to insufficient medical documentation received even though Mr. Pridgen has sent Lincoln a letter dated February 2, 2023 informing Lincoln that his treating physician would be forwarding a medical letter and medical records as soon as he could but that currently his office was short staffed and behind on medical record requests.

12. The Plan at issue, as governed by ERISA and relied upon to deny Mr. Pridgen's benefits, states, in part:

> "You are considered disabled under this Plan if, due to a non-work-related illness or accidental injury, you are receiving appropriate care and treatment from a physician on a regular basis and you are not able to earn 70% of your pre-disability earnings from your regular occupation, for which you are reasonably qualified by training, education, or experience, in the local economy due to your disability."

13. By and through counsel in a letter dated May 1, 2023, Mr. Pridgen appealed the denial of disability benefits. Mr. Pridgen included with his appeal letter

a personal declaration from him and his fiancé.

14. In a letter dated May 9, 2023, Lincoln acknowledged receipt of Mr. Pridgen's appeal and informed him that additional information should be submitted by May 16, 2023.

15. In further support of his appeal by letter dated May 16, 2023, Mr. Pridgen submitted a letter including medical records from UNC Family Medicine and a Fatigue diary for the dates covering 4/3/2023 through 4/30/2023.

16. In support of his appeal, Mr. Pridgen and his fiancée submitted declarations, pursuant to 28 U.S.C. § 1746, through which they outlined the effects of his disabling conditions on his activities of daily living and his inability to return to work. These unrefuted declarations conclusively showed Mr. Pridgen was incapable of performing his own occupation but Lincoln disregarded this evidence.

17. In a letter dated June 7, 2023, Lincoln informed Mr. Pridgen of a review conducted by a Board Certified Physician, Dr. Kristin K. Egan, and offered Mr. Pridgen an opportunity to respond to this information.

18. Dr. Egan concluded that there was no objective medical evidence to support disability restrictions from an otolaryngology perspective; no functional impairment supported from November 30, 2022 forward.

19. Although Dr. Egan never treated Mr. Pridgen, spoke with Mr. Pridgen, or consulted with Mr. Pridgen's treating physicians, this paid reviewer opined that

Mr. Pridgen had the functionality to perform his occupation.

20. By and through counsel, Mr. Pridgen responded to this independent review in a letter dated June 27, 2023 and also submitted additional medical records from Dr. Michael Johnson.

21. By letter dated July 12, 2023, Lincoln informed Mr. Pridgen of additional evidence collected regarding the review of Mr. Pridgen's claim. An addendum review was conducted by Dr. Kristin K. Egan, and offered Mr. Pridgen an opportunity to respond to this information.

22. Dr. Egan states in her Addendum Review that the additional information did not alter prior conclusion.

23. By and through counsel, Mr. Pridgen responded to the Addendum Review of Dr. Egan in a letter dated August 2, 2023.

24. By letter dated August 11, 2023, Lincoln informed counsel for Mr. Pridgen that his file had been referred for a new medical review and assessment by a Physician Board Certified in Occupational Medicine.

25. By letter dated August 30, 2023, Lincoln informed Mr. Pridgen of additional evidence collected regarding the review of Mr. Pridgen's claim and provided him with an opportunity to review and comment on new/additional evidence.

26. By and through counsel, Mr. Pridgen responded to the second

independent medical review by Dr. Robert Swotinsky in a letter dated September 20, 2023 arguing that Mr. Pridgen's policy is based on his occupation and consulting physicians' conclusions undervalue his condition.

27. By letter dated October 9, 2023, Lincoln wrongfully denied Mr. Pridgen's claim for benefits and providing Mr. Pridgen with the right to appeal this denial.

28. By and through counsel in a letter dated April 5, 2024, Mr. Pridgen appealed the denial of disability benefits. Mr. Pridgen included with his appeal letter medical records from UNC Family Medicine, a fatigue diary for November and December 2023 and a medication list.

29. In a letter dated May 6, 2024, Lincoln informed Mr. Pridgen of a review conducted by a Nurse Disability Consultant, Whitney K., BSN, RN, CCM, and offered Mr. Pridgen an opportunity to review and submit additional information.

30. Whitney K. concluded that the medical information failed to illustrate the severity of Mr. Pridgen's symptoms to suggest functional impairment or support the need for restrictions or limitations.

31. By and through counsel, Mr. Pridgen responded to the Appeals Nursing Memorandum in a letter dated May 23, 2024 arguing that symptoms should be considered in conjunction with requirements of his regular occupation and exposure to fumes, dust, odors, and chemicals inherent to that occupation.

32. Despite providing proof of his disability both throughout the appeals process, Lincoln refused to award Mr. Pridgen's benefits and issued its final termination by letter dated July 24, 2024.

33. In its final termination letter dated July 24, 2024, Lincoln relied on the opinions of their paid reviewers over those of Mr. Pridgen's own medical providers.

34. Lincoln's July 24, 2024 letter concluded their review and closed Mr. Pridgen's claim.

35. As of this date, Mr. Pridgen has been denied benefits rightfully owed to him under the Plan.

36. Mr. Pridgen has met and continues to meet the Plan's definition of disabled.

37. Mr. Pridgen has exhausted any applicable administrative review procedures and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

38. Lincoln's refusal to pay benefits has caused tremendous financial hardship on Mr. Pridgen.

## **STANDARD OF REVIEW**

39. A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

40. When discretionary authority is clearly granted and the insurer of an ERISA plan also acts as a claims administrator, there is a structural or inherent conflict of interest that mandates a heightened arbitrary and capricious standard of review.

41. Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to Lincoln or to any other entity who may have adjudicated Mr. Pridgen's claim. Therefore, the Court should review Mr. Pridgen's claim for benefits under a *de novo* standard.

42. Upon information and belief, Lincoln evaluated and would have paid all claims under the Plan at issue, creating an inherent conflict of interest.

43. Lincoln has failed to comply with the letter of the claims procedures outlined in ERISA and therefore Mr. Pridgen's claim for benefits should be reviewed by this Court under a *de novo* standard.

44. In the alternative, if the Court finds that Lincoln is entitled to the heightened arbitrary and capricious standard of review, the denial of Plaintiff's benefits constitutes a clear abuse of discretion as Lincoln's decision to deny Mr. Pridgen's benefits was arbitrary and capricious.

## **DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT**

45. Lincoln has wrongfully denied benefits to Mr. Pridgen, in violation of the policy provisions and ERISA, for the following reasons:

(a) Mr. Pridgen is totally disabled, in that he is prevented from performing one or more of the essential duties of his occupation;

(b) Mr. Pridgen is entitled to disability benefits under the terms of the Plan, as he meets the Plan's definition of disability and he has otherwise met the conditions precedent of the Plan for coverage and entitlement to benefits;

(c) Lincoln failed to accord proper weight to the evidence in the administrative record showing that Mr. Pridgen is totally disabled;

(d) Lincoln's interpretation of the definition of disability contained in the Plan is contrary to plain language of the Plan, unreasonable, arbitrary, capricious, and otherwise violated the standards required by ERISA;

(e) Lincoln failed to obtain and consider relevant information pertaining to Mr. Pridgen's disability before it made a final determination on his claim for benefits;

(f) Lincoln wrongfully denied Mr. Pridgen a full, fair and impartial review of his benefits claim pursuant to 29 C.F.R § 2560.503-1(h)(1), by ignoring the overwhelming weight and credibility of evidence submitted and instead behaved as an adversary, looking instead for less credible evidence of marginal significance to support

its goal of denying his benefits claim;

(g) Lincoln failed to give proper weight to Mr. Pridgen's own accounts regarding the debilitating effects of his conditions;

(h) Lincoln ignored the records and opinions of Mr. Pridgen's treating physicians which show that Mr. Pridgen is totally disabled, and instead based its decision to deny benefits on its internal review by Lincoln staff members and its paid reviewers, who had never seen or treated Mr. Pridgen, some of which never spoke with his treating physicians about the nature of his disability, and who were not as qualified as Mr. Pridgen's treating physicians to formulate opinions regarding the nature and extent of his disability;

(i) Lincoln failed to exercise reasonable flexibility in its claims review process to assure Mr. Pridgen a full, fair review, well-reasoned, and principled of his claim;

(j) Lincoln administered Mr. Pridgen's claim for benefits while acting under an inherent and substantial conflict of interest in that Lincoln served both as fiduciary of and funding source for the Plan, and placed its own pecuniary interests above Mr. Pridgen's interests in wrongfully terminating his benefits and failing to administer the Plan as an impartial decision-maker, free of such conflict of interest,

would;

(k) Lincoln made erroneous interpretations of some evidence in violation of its obligation to discharge its duties with care, prudence, skill, and diligence;

(l) Lincoln acted in bad faith by denying Mr. Pridgen's claim based upon the inability of Lincoln's paid reviewers to find Mr. Pridgen disabled, and otherwise failed to administer the Plan honestly, fairly and in good faith, and to at all times act in Mr. Pridgen's best interests;

(m) Lincoln imposed a standard not required by the Plan's provisions, by requiring objective evidence of Mr. Pridgen's subjective medical conditions where such evidence cannot be reasonably provided;

(n) Lincoln denied Mr. Pridgen's claim for a lack of objective medical evidence when Mr. Pridgen has provided ample evidence, both objective and subjective, of a disability, and Lincoln has neither identified any objective evidence that Mr. Pridgen could have supplied to support the claim and has not had Mr. Pridgen undergo an independent medical examination or a similar in-person probative procedure to test the validity of his complaints;

(o) Lincoln failed to consider Mr. Pridgen's non-exertional limitations caused by his disability, such as the side effects of his prescribed medication, his ability to regularly attend work, and the effect his disability has on his concentration, persistence and pace when performing the material duties of his occupation;

(p) Lincoln's denial of Mr. Pridgen's benefits failed to provide a detailed explanation and the basis of its disagreement with the opinions of Mr. Pridgen's treating physicians; and

(q) Lincoln wrongfully denied Mr. Pridgen's benefits in such other ways to be shown through discovery and/or hearing.

46. As a result of the foregoing, the relief to which Mr. Pridgen is entitled includes: (1) monthly disability income benefits to Mr. Pridgen, (2) pre-judgment interest, (4) equitable relief, including declaratory and injunctive relief, to redress Lincoln's practices that are violative of the Plan and ERISA, and to enforce the terms of the Plan and ERISA, and (5) an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

## CAUSES OF ACTION

## COUNT ONE

## ERISA (Claim for Benefits Owed under Plan)

47. Plaintiff hereby incorporates by reference each and every fact as if it

was restated herein.

48. At all times relevant to this action, Mr. Pridgen was a participant of the Plan underwritten by Lincoln and issued to Prolec-GE Waukesha, Inc. and was eligible to receive disability benefits under the Plan.

49. As more fully described above, the denial and refusal to pay Mr. Pridgen's benefits under the Plan or the period from at least on or about December 7, 2022 through the present constitutes a breach of Defendant's obligations under the Plan and ERISA. The decision to deny benefits to Mr. Pridgen constitutes an abuse of discretion as the decision was not reasonable and was not based on substantial evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1. A judgment ordering the applicable standard of review in this case is *de novo*;

2. A judgment ordering that by a preponderance of the evidence, the Defendant has breached its fiduciary duty to the Plaintiff by wrongfully denying his disability benefits owed to him through the Plan;

3. In the alternative, if the Court determines that the applicable standard of review is the heightened arbitrary and capricious standard, the Court may take and review the records of Defendant and any other evidence that it deems necessary

to conduct an adequate arbitrary and capricious review and enter a judgment that Defendant's decision to wrongfully deny Plaintiff's disability benefits was unreasonable, arbitrary and capricious, and unsupported by substantial evidence;

4. Declaratory and injunctive relief, finding that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by terminating Mr. Pridgen's disability benefits; that Mr. Pridgen is entitled to a continuation of future disability benefits from Defendant pursuant to the Plan;

5. Declaratory and injunctive relief, finding that Defendant breached its fiduciary duties to Plaintiff; enjoining Defendant from further violations of its fiduciary duties; and directing Defendant to take all actions necessary to administer the Plan in accordance with the terms and provisions thereof and Defendant's fiduciary and other obligations arising under ERISA;

6. A judgment ordering Defendant to pay Mr. Pridgen's disability benefits from December 7, 2022 through the date judgment is entered herein, together with pre-judgment interest on each and every such monthly payment through the date of judgment;

7. An award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

8. For such other and further relief as the Court deems just, fit and proper.

Respectfully submitted this the 15th day of June, 2026.

*/s/ Peter H. Burke*_______________
Peter H. Burke (ASB-1992-K74P)
phburke@crlegalteam.com
CR LEGAL TEAM, LLP
3535 Grandview Parkway, Suite 222
Birmingham, Alabama 35243
Phone: 205-747-1901
Fax: 877-718-9952
*Attorney for Plaintiff Galvin Pridgen*

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

The Lincoln National Life Insurance Company
c/o Legal Department
1300 S. Clinton St.
Fort Wayne, IN 46802