FILED
2026 Aug-03 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| GALVIN PRIDGEN,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL<br>LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-01023-HDM |

# ANSWER

Defendant The Lincoln National Life Insurance Company ("Lincoln") answers the Complaint filed by Plaintiff Galvin Pridgen ("Plaintiff") and states as follows:

## FOR A FIRST DEFENSE

## PARTIES

1. Regarding the allegations of Paragraph 1 of the Complaint, Lincoln admits that Plaintiff was, at certain times, employed by Prolec-GE Waukesha, Inc., ("Prolec") and was, at certain times, a participant in the SPX Corporation[1] Short Term Disability Plan ("the STD Plan"). Lincoln admits that the STD Plan was self-funded by Prolec and that, at certain times, Lincoln provided certain services

[1] Prolec-GE Waukesha, Inc. is the successor to SPX Corporation's Transformer Solutions business, which was acquired by GE-Prolec Transformers, Inc. (Prolec GE) in October 2021.

pertaining to claims for STD benefits under the terms of a contract between Prolec and Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations of Paragraph 2 of the Complaint, Lincoln admits that it is a lawfully incorporated company that lawfully conducts insurance business in the State of Alabama. Lincoln further admits that, at certain times, it provided certain services pertaining to claims for STD benefits under the terms of a contract between Prolec and Lincoln. Lincoln specifically denies it was the Plan Administrator of the STD Plan and denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Regarding the allegations of Paragraph 3 of the Complaint, Lincoln admits that the Complaint purports to seek relief under the statutory provisions cited therein. Lincoln further admits that the STD Plan and Plaintiff's claim for benefits from the STD Plan are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Lincoln further admits that the Court has subject matter jurisdiction over Plaintiff's claims in this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies that

venue is proper in this Court and denies all remaining allegations contained in Paragraph 3 of the Complaint.

## INTRODUCTION

4. Regarding the allegations of Paragraph 4 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln admits that the STD Plan was self-funded by Prolec and that, at certain times, Lincoln provided certain services pertaining to claims for STD benefits under the terms of a contract between Prolec and Lincoln. Lincoln further admits only that its decisions on Plaintiff's claim for short-term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan under relevant plan documents was evaluated by Lincoln and that such decisions are governed by the terms of the relevant plan documents. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## STATEMENT OF FACTS

5. Regarding the allegations of Paragraph 5 of the Complaint, Lincoln admits that the STD Plan was self-funded by Prolec and that, at certain times, Lincoln provided certain services pertaining to claims for STD benefits under the terms of a contract between Prolec and Lincoln. Lincoln further admits that, at certain times, Plaintiff was employed by Prolec and a participant in the STD Plan.

Lincoln further admits Prolec is the sponsor of the STD Plan. To the extent that this Paragraph seeks to interpret documents relevant to the STD Plan, Lincoln refers to the plan documents themselves as the best evidence of their contents. Lincoln denies it was the plan administrator of the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Regarding the allegations of Paragraph 6 of the Complaint, Lincoln admits that, at certain times, Plaintiff was employed by Prolec and a participant in the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Regarding the allegations of Paragraph 7 of the Complaint, Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln further admits that Plaintiff was, at certain times, employed by Prolec and that his last day of work for Prolec was on or about November 29, 2022. Lincoln further admits that the STD Plan documents contain language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the STD Plan, and Lincoln refers to the plan documents themselves as the best evidence of their contents. Lincoln further admits that documents containing

medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Regarding the allegations of Paragraph 8 of the Complaint, Lincoln admits that Plaintiff was, at certain times, employed as a Winding Attendant for Prolec. Lincoln admits that certain documents concerning Plaintiff's job description and own occupation at Prolec are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations of Paragraph 9 of the Complaint, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations of Paragraph 10 of the Complaint, Lincoln admits that Plaintiff submitted a claim for benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Regarding the allegations of Paragraph 11 of the Complaint, Lincoln admits that it received a letter from Plaintiff dated February 2, 2023, appealing the denial of benefits from the STD Plan, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that it sent a letter dated February 11, 2023, to Plaintiff pertaining to his claim for STD benefits, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Regarding the allegations of Paragraph 12 of the Complaint, Lincoln admits that the STD Plan documents contain language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the STD Plan, and Lincoln refers to the STD Plan documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations of Paragraph 13 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel dated May 1, 2023, along with additional documentation, appealing the denial of benefits from the STD Plan,

and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations of Paragraph 14 of the Complaint, Lincoln admits that it sent a letter dated May 9, 2023, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations of Paragraph 15 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel dated May 16, 2023, along with additional documentation, appealing the denial of benefits from the STD Plan, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Regarding the allegations of Paragraph 16 of the Complaint, Lincoln admits that it received an appeal of the denial of benefits from the STD Plan, along with additional documentation, and Lincoln refers to the documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Regarding the allegations of Paragraph 17 of the Complaint, Lincoln admits that it sent a letter dated June 7, 2023, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for

benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations of Paragraph 18 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Regarding the allegations of Paragraph 19 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations of Paragraph 20 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated June 27, 2023, along with additional documentation, appealing the denial of benefits from the STD Plan. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for

benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Regarding the allegations of Paragraph 21 of the Complaint, Lincoln admits that it sent a letter dated July 12, 2023, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations of Paragraph 22 of the Complaint, Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Regarding the allegations of Paragraph 23 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated August 2, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Regarding the allegations of Paragraph 24 of the Complaint, Lincoln admits that it sent a letter dated August 11, 2023, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Regarding the allegations of Paragraph 25 of the Complaint, Lincoln admits that it sent a letter dated August 30, 2023, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Regarding the allegations of Paragraph 26 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated September 20, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations of Paragraph 27 of the Complaint, Lincoln admits that it sent a letter dated October 9, 2023, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Regarding the allegations of Paragraph 28 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated April 5, 2024, along with additional documentation, appealing the denial of benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Regarding the allegations of Paragraph 29 of the Complaint, Lincoln admits that it sent a letter dated May 6, 2024, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Regarding the allegations of Paragraph 30 of the Complaint, Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Regarding the allegations of Paragraph 31 of the Complaint, Lincoln admits that it received a letter from Plaintiff's counsel, dated May 23, 2024, and

Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Regarding the allegations of Paragraph 32 of the Complaint, Lincoln admits that it sent a letter dated July 24, 2024, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Regarding the allegations of Paragraph 33 of the Complaint, Lincoln admits that it sent a letter dated July 24, 2024, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for short-term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln and that such decisions are governed by the terms of the relevant plan documents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Regarding the allegations of Paragraph 34 of the Complaint, Lincoln admits that it sent a letter dated July 24, 2024, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Regarding the allegations of Paragraph 35 of the Complaint, Lincoln denies these allegations.

36. Regarding the allegations of Paragraph 36 of the Complaint, Lincoln denies these allegations.

37. Regarding the allegations of Paragraph 37 of the Complaint, Lincoln denies these allegations.

38. Regarding the allegations of Paragraph 38 of the Complaint, Lincoln admits only that its decisions on Plaintiff's claim for short-term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan under relevant plan documents was evaluated by Lincoln and that such decisions are governed by the terms of the relevant plan documents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Regarding the allegations of Paragraph 39 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Regarding the allegations of Paragraph 40 of the Complaint, to the extent this Paragraph contains legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Regarding the allegations of Paragraph 41 of the Complaint, Lincoln denies these allegations.

42. Regarding the allegations of Paragraph 42 of the Complaint, Lincoln admits that the STD Plan was self-funded by Prolec and that, at certain times, Lincoln provided certain services pertaining to claims for STD benefits under the terms of a contract between Prolec and Lincoln. Lincoln further admits only that its decisions on Plaintiff's claim for short-term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan under relevant plan documents was evaluated by Lincoln and that such decisions are governed by the terms of the relevant plan documents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Regarding the allegations of Paragraph 43 of the Complaint, Lincoln denies these allegations.

44. Regarding the allegations of Paragraph 44 of the Complaint, Lincoln denies these allegations.

45. Regarding the allegations of Paragraph 45 and 45 a-q of the Complaint, Lincoln denies these allegations.

46. Regarding the allegations of Paragraph 46 of the Complaint, no response is required, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies

Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

**COUNT ONE**
**ERISA (Claim for Benefits Owed Under Plan)**

47. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 46 of the Complaint as though fully set forth in response to Paragraph 47 of the Complaint.

48. Regarding the allegations of Paragraph 48 of the Complaint, Lincoln admits that Plaintiff was, at certain times, a participant in the STD Plan. Lincoln admits that the STD Plan was self-funded by Prolec and that, at certain times, Lincoln provided certain services pertaining to claims for STD benefits under the terms of a contract between Prolec and Lincoln. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Regarding the allegations of Paragraph 49 of the Complaint, Lincoln denies these allegations. Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

**FOR A SECOND DEFENSE**

50. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to disability benefits allegedly due under the STD Plan and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**FOR A THIRD DEFENSE**

51. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

**FOR A FOURTH DEFENSE**

52. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

53. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the documents governing the STD Plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

54. Plaintiff has failed to exhaust administrative remedies in that Plaintiff failed to submit the final appeal to the SPX Administrative Committee as required in the relevant plan documents.

**FOR A SEVENTH DEFENSE**

55. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR AN EIGHTH DEFENSE**

56. Plaintiff's claim against Lincoln is barred to the extent that Plaintiff failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR A NINTH DEFENSE**

57. Lincoln is not an entity from which Plaintiff may recovery benefits from the STD Plan, as Lincoln was neither the payor or insurer of benefits from the STD Plan, and the STD Plan was self-insured by Prolec.

**FOR A TENTH DEFENSE**

58. Lincoln reserves the right to assert additional defenses.

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and

costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

s/ *Iwana Rademaekers*
**IWANA RADEMAEKERS**
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

**MATTHEW W. ROBINETT**
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 3rd day of August 2026, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Peter H. Burke (ASB-1992-K74P)
Email: phburke@crlegalteam.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers