FILED
2026 Aug-26 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| GALVIN PRIDGEN,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL<br>LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-01023-HDM |

# JOINT REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Court's Order dated July 21, 2026 (Doc 9), Plaintiff Galvin Pridgen ("Plaintiff" or "Pridgen") and Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") submit the following joint report:

1. **Synopsis of the Case and General Claims/Defenses**. The general claims and defenses of the parties are as follows:

a. Plaintiff was a participant in an ERISA-governed welfare benefit plan (the "Plan") established and maintained by his former employer, Prolec-GE Waukesha, Inc., to provide, in part, disability benefits to eligible employees. The STD component of the Plan was funded by SPX Corporation and the Administrator of the Plan is The Lincoln National Life Insurance Company. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that denial of benefits was improper and in violation of ERISA. Accordingly, Plaintiff seeks the recovery of benefits due under the policy, costs, and attorneys' fees.

b. Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly

adjudicated Plaintiff's claim for short-term disability benefits pursuant to the terms and conditions of the applicable Plan documents. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant also states that its claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious.

2. The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on August 24, 2026, by telephone:

Peter Burke, representing the Plaintiff Galvin Pridgen ("Plaintiff"); and

Iwana Rademaekers, representing the Defendant The Lincoln National Life Insurance Company ("Defendant").

3. **Initial Disclosures**.

Plaintiff's Statement: Plaintiff agrees that Initial Disclosures do not apply.

Defendant's Statement: This action is governed by ERISA and is, therefore, exempt from the initial disclosure requirement pursuant to the plain language of Rule 26(a)(1)(B) because this is an action on an administrative record. Defendant has already produced to Plaintiff a copy of the ERISA administrative record. The parties will jointly file the administrative record on or before **March 8, 2027**.

4. **Discovery Plan. The parties propose this discovery plan**:

Plaintiff's Statement: Plaintiff is entitled to conflict of interest discovery according to Eleventh Circuit precedent. To the extent there may be gaps in the Administrative Record, Plaintiff will request leave of the Court to propound

relevant, targeted discovery to fill in those gaps. Plaintiff will work with opposing counsel to come to an agreement on any relevant discovery.

Defendant's Statement: Discovery should be limited to the administrative record, subject to Eleventh Circuit precedent with respect to conflict-related discovery. The parties will work in good faith to resolve any disagreements that may arise pertaining to the limited scope of discovery in ERISA actions.

a. In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, Plaintiff may seek discovery on the following subjects:

(i.) All factual allegations and claims made by Plaintiff in her Complaint;

(ii.) All damages claimed by Plaintiff in this matter;

(iii.) All defenses raised by Defendant in this matter; and

(iv.) Conflict of interest and bias issues.

b. All discovery commenced in time to be completed by **February 8, 2027**.

c. Maximum of 25 interrogatories by each party to any other party without prior approval of the Court. Maximum of 25 requests for production by each party to any other party without prior approval of the Court. (Responses due 30 days after service).

d. Maximum 25 requests for admission by each party to any other party without prior approval of the Court. (Responses due 30 days after service).

e. Maximum of 2 depositions by Plaintiff and 2 by Defendant without prior approval of the Court.

f. Each deposition shall be limited to 8 hours.

g. Reports from retained experts under Rule 26(a)(2) due:

(i.) from **Plaintiff** by **December 7, 2026.**

(ii.) from **Defendant** by **December 21, 2026.**

h. Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

5. **Other items.**

a. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b. The parties should be allowed until **October 12, 2026,** to join additional parties and to amend the pleadings.

c. The parties should be allowed until **October 26, 2026,** to respond to any above-mentioned amendments.

d. Because this is an action governed by ERISA, the Parties agree that this case should be decided on the administrative record and cross motions for judgement to be filed by the parties, pursuant to the following proposed deadlines:

**File Administrative Record:** **March 8, 2027**

**Cross Motions for Judgment:** **March 29, 2027**

**Responses:** **April 19, 2027**

**Replies:** **May 2, 2027**

e. The parties are receptive to mediation but do not request Court ordered mediation at this time.

f. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties fully review the administrative record.

g. In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, and as jury trials are not available under ERISA, the parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case. The earliest date by which this case should reasonably be ready for trial after due consideration of such motions is August 2, 2027. However, the parties propose the deadlines in paragraph 5(d) above in lieu of the deadlines requested in a standard schedule.

Respectfully Submitted,

*/s/* Peter H. Burke

Peter H. Burke, Esq.
ASB-1992-K74P
**CR LEGAL TEAM, LP**
3535 Grandview Parkway, Suite 222
Birmingham, Alabama 35243
Phone: 205-747-1901
Fax: 877-718-9952
Email: phburke@crlegalteam.com

ATTORNEYS FOR PLAINTIFF

AND

*/s/Iwana Rademaekers*

**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT